IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Civil No. 4:18-cv-00141 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KIMBERLY D. JOHNSON and | ) |
| DAVID R. JOHNSON, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

COMES NOW the Plaintiff, by Marc Krickbaum, United States Attorney for the Southern District of Iowa, and William C. Purdy, Assistant United States Attorney for this District and for its cause of action alleges:

1. This is a civil action *in rem* brought by the United States of America on behalf of the Small Business Administration (SBA), an Agency of the United States, under the provisions of 28 U.S.C. § 1345.

2. The real property which is the subject of this action is located in Ottumwa, Wapello County, Iowa.

3. The Defendants may be served as follows:

   a. The Defendant, **Kimberly D. Johnson**, may be served by delivering a copy of the summons and complaint to her in Wapello County, Iowa, within the jurisdiction of this court.

   b. The Defendant, **David R. Johnson**, may be served by delivering a copy of the summons and complaint to him in Wapello County, Iowa, within the jurisdiction of this court.

4. On July 28, 2008, Defendants Kimberly D. Johnson and David R. Johnson executed a promissory note (Note) in the principal amount of $86,000.00 at 2.687% per annum to the SBA. A true and correct copy of the Note is attached as Exhibit A.

5. On August 25, 2008, Defendants Kimberly D. Johnson and David R. Johnson executed a First Modification of Note in the principal amount of $163,600 at 2.687% per annum to the SBA. A true and correct copy of the First Modification of Note is attached as Exhibit B.

6. To secure payment of the above referenced Note (¶ 4) and First Modification of Note (¶ 5), Defendants Kimberly D. Johnson and David R. Johnson executed and delivered a real estate mortgage to the SBA dated August 25, 2008, upon certain real estate in Wapello County, Iowa, within the jurisdiction of this Court, to-wit:

> The East Half of Lots Seventy-two (72) and Seventy-three (73) of the Wildwood Countryside Addition to the City of Ottumwa, Wapello County, Iowa.

This mortgage was recorded in the office of the Recorder of Deeds of Wapello County, Iowa, on September 12, 2008, in Book 2008, Page 4436. A true and correct copy of the Mortgage is attached as Exhibit C.

7. Plaintiff is the owner and holder of the Note, First Modification of Note, and real estate mortgage, Exhibits A-C.

8. Defendant Kimberly D. Johnson is the owner and holder of said real property described above. A true and correct copy of the Warranty Deed associated with said real property is attached as Exhibit D.

9. Defendant David R. Johnson is also an owner of said real property described above pursuant to the Warranty Deed, Exhibit D. Upon information and belief, Kimberly D. Johnson was awarded the real property under a divorce decree entered September 28, 2015, in the District Court of Wapello County, Eighth Judicial District of Iowa, Case Number CDCV109863. However, Kimberly D. Johnson did not refinance the debt as required under the divorce decree and, upon information and belief, did not obtain a quit claim deed from David R. Johnson.

10. Defendants Kimberly D. Johnson and David R. Johnson are now delinquent on the payments on said note and mortgage.

11. The Plaintiff has made just demand upon Defendants Kimberly D. Johnson and David R. Johnson, but they have failed, refused and neglected to comply with the provisions of the note and mortgage and are now in default under the terms of said obligations.

12. The Defendants, Kimberly D. Johnson and David R. Johnson, owe Plaintiff under the provisions of the Note, the First Modification of the Note, and the real estate mortgage the amount of $148,837.82 as of August 31, 2017, with principal balance in the amount of $138,419.41, plus accrued interest of $10,418.41, with interest accruing therefrom at the rate of $10.19 per day.

13. No other action has been brought for the recovery of the balance due.

14. On February 9, 2018, Defendant Kimberly D. Johnson filed for Chapter 7 Bankruptcy in Case No. 18-00255-als7, and the case was discharged May 8, 2018.

15. The Defendants Kimberly D. Johnson and David R. Johnson may claim an interest in the subject real estate by virtue of the notes, mortgage and warranty deed.

16. The interests of the Defendants are junior and inferior to the interests of the Plaintiff.

17. The Defendants do not have a right to redemption after the foreclosure sale herein.

WHEREFORE, the Plaintiff prays for judgment *in rem* against the above-described real property of the Defendants, Kimberly D. Johnson and David R. Johnson, in the amount of $148,837.82 as of August 31, 2017, with principal in the amount of $138,419.41, plus accrued interest of $10,418.41, with interest accruing therefrom at the rate of $10.19 per day to the date of the judgment and at the legal rate thereafter, plus the costs for continuing the abstract and the costs of this action.

The Plaintiff further prays that the Court enter a decree establishing the priority of Plaintiff's Mortgage upon the real property and prior to the liens, titles, or other interests of the Defendants, for the full amount of the judgment, including interest from the date of judgment at the legal rate until paid in full; plus costs of this action; and that such judgment be decreed a lien on the mortgaged property described in Exhibit C.

The Plaintiff further prays that all legal right, title, and interest which Defendants have in the real property be sold at public sale in accordance with 28 U.S.C. §§ 2001-2003, inclusive, and that the sale be subject to any unpaid real estate taxes or special assessments, and that the sale proceeds be applied in the following order:

(1) Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of the sale and of this action;

(3) The interest accruing on the Plaintiff's judgment *in rem* against the mortgaged real property of the Defendants Kimberly D. Johnson and David R. Johnson;

(4) The Plaintiff's judgment *in rem* against the mortgaged real property of the Defendants Kimberly D. Johnson and David R. Johnson; and

(5) The balance, if any, be brought into this Court to await its further order.

Plaintiff further prays that all right, title, and interest in and to the real property of Defendants Kimberly D. Johnson and David R. Johnson, and of all persons claiming by, through, or under them be decreed to be junior and inferior to the Plaintiff's mortgage and be absolutely barred and foreclosed.

Plaintiff further prays that as provided by said mortgage and allowed by applicable law, all rights of redemption be waived, barred and foreclosed.

If the purchaser of the real property be denied possession, the Plaintiff prays that a Writ of Assistance issue out of this Court upon the filing of a proper Praecipe, therefore and without further order of the Court, place the purchaser of said real property in peaceable possession thereof.

    Respectfully submitted,

    Marc Krickbaum
    United States Attorney


By: */s/William C. Purdy*
    William C. Purdy
    Assistant United States Attorney
    U.S. Courthouse Annex, 2nd Floor
    110 E. Court Avenue
    Des Moines, Iowa 50309
    Telephone: (515) 473-9315
    Facsimile: (515) 473-9282
    Email: bill.purdy@usdoj.gov

| | U.S. Small Business Administration | Date: July 28, 2008 |
|---|---|---|
| **SBA** U.S. Small Business Administration | **NOTE** (SECURED DISASTER LOANS) | Loan Amount: $86,000.00 |
| | | Annual Interest Rate: 2.687% |

Application #    8476                           Loan #DLH    2260-00

1. **PROMISE TO PAY:** In return for a loan, Borrower promises to pay to the order of SBA the amount of **Eighty-Six Thousand And 00/100** Dollars, interest on the unpaid principal balance, and all other amounts required by this Note.

2. **DEFINITIONS: A)** "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note. **B)** "Guarantor" means each person or entity that signs a guarantee of payment of this Note. **C)** "LoanDocuments" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

3. **PAYMENT TERMS:** Borrower must make all payments at the place SBA designates. Borrower may prepay this Note in part or in full at any time, without notice or penalty. Borrower must pay principal and interest payments of **$354.00** every month beginning **Five (5)** months from the date of the Note. SBA will apply each installment payment first to pay interest accrued to the day SBA receives the payment and will then apply any remaining balance to reduce principal. All remaining principal and accrued interest is due and payable **Thirty (30) years** from the date of the Note.

4. **DEFAULT:** Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower: **A)** Fails to comply with any provision of this Note, the Loan Authorization and Agreement, or other Loan Documents; **B)** Defaults on any other SBA loan; **C)** Sells or otherwise transfers, or does not preserve or account to SBA's satisfaction for, any of the Collateral or its proceeds; **D)** Does not disclose, or anyone acting on their behalf does not disclose, any material fact to SBA; **E)** Makes, or anyone acting on their behalf makes, a materially false or misleading representation to SBA; **F)** Defaults on any loan or agreement with another creditor, if SBA believes the default may materially affect Borrower's ability to pay this Note; **G)** Fails to pay any taxes when due; **H)** Becomes the subject of a proceeding under any bankruptcy or insolvency law; **I)** Has a receiver or liquidator appointed for any part of their business or property; **J)** Makes an assignment for the benefit of creditors; **K)** Has any adverse change in financial condition or business operation that SBA believes may materially affect Borrower's ability to pay this Note; **L)** Dies; **M)** Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without SBA's prior written consent; or, **N)** Becomes the subject of a civil or criminal action that SBA believes may materially affect Borrower's ability to pay this Note.

5. **SBA'S RIGHTS IF THERE IS A DEFAULT:** Without notice or demand and without giving up any of its rights, SBA may: **A)** Require immediate payment of all amounts owing under this Note; **B)** Have recourse to collect all amounts owing from any Borrower or Guarantor; **C)** File suit and obtain judgment; **D)** Take possession of any Collateral; or, **E)** Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6. **SBA'S GENERAL POWERS:** Without notice and without Borrower's consent, SBA may: **A)** Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses; **B)** Collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If SBA incurs such expenses, it may demand immediate reimbursement from Borrower or add the expenses to the principal balance; **C)** Release anyone obligated to pay this Note; **D)** Compromise, release, renew, extend or substitute any of the Collateral; and **E)** Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7. **FEDERAL LAW APPLIES:** When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8. **GENERAL PROVISIONS: A)** All individuals and entities signing this Note are jointly and severally liable. **B)** Borrower waives all suretyship defenses. **C)** Borrower must sign all documents required at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral. **D)** SBA may exercise any of its rights separately or together, as many times and in any order it chooses. SBA may delay or forgo enforcing any of its rights without giving up any of them. **E)** Borrower may not use an oral statement of SBA to contradict or alter the written terms of this Note. **F)** If any part of this Note is unenforceable, all other parts remain in effect. **G)** To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that SBA did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale. **H)** SBA may sell or otherwise transfer this Note.

9. **MISUSE OF LOAN FUNDS:** Anyone who wrongfully misapplies any proceeds of the loan will be civilly liable to SBA for one and one-half times the proceeds disbursed, in addition to other remedies allowed by law.

SBA FORM 147 B (5-00)                      EXHIBIT A                              Page 1 of 2
                                           Page 1 of 2

8476/ DLH    2260-00
JOHNSON DAVID / KIMBERLY

10. **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

_Kimberly Johnson_
Kimberly Johnson

_David Johnson_    8/1/0=
David Johnson

# ORIGINAL

|  U.S. Small Business Administration | U.S. Small Business Administration<br>**First Modification of NOTE**<br>(SECURED DISASTER LOANS) | **Date:** August 25, 2008 |
|---|---|---|
| | | **Loan Amount: $163,600.00** |
| | | **Annual Interest Rate: 2.687%** |

**Application #** _____ '8476                    **Loan #DLH**    !260-00

1. **NOTE:** The "Note" is the SBA note signed by Borrower, dated <u>July 28, 2008</u> in the amount of <u>Eighty-Six Thousand And 00/100</u> Dollars, payable to SBA, including any modifications.

2. **CURRENT PAYMENT TERMS:** Including terms modified by this agreement, the current payment terms of the Note are:
The loan amount is <u>One Hundred Sixty-Three Thousand Six Hundred And 00/100</u> Dollars. The interest rate is <u>2.687%</u> per year. Payments of <u>$ 674.00</u> are due every <u>month</u> beginning <u>December 28, 2008</u>. All remaining principal and accrued interest is due and payable on <u>July 28, 2038</u>.

3. **TERMS HISTORY:** For ease of reference only, original and modified Note terms are:

|  | Original Note | This Modification |
|---|---|---|
| Date | July 28, 2008 | August 25, 2008 |
| Note Amount | $86,000.00 | $163,600.00 |
| Interest Rate | 2.687% | 2.687% |
| Payments | $ 354.00, monthly | $ 674.00, monthly |
| Maturity Date | July 28, 2038 | July 28, 2038 |

4. **EFFECT OF THIS MODIFICATION:** All terms of the Note remain unchanged by this agreement except terms that are expressly modified. This Modification of Note becomes a part of the original Note and has the same effect as if its terms were in the original Note when it was signed.

5. **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

_Kimberly Johnson_
Kimberly Johnson

_David Johnson_
David Johnson

**ORIGINAL**

SBA FORM  2133 (5-00)                     EXHIBIT B
                                           Page 1 of 1                           Page 1 of 1

```
Document 2008 4436
Book 2008 Page 4436 Type 04 001 Pages 6
Date 9/12/2008 Time 2:13:08PM
Rec Amt $32.00                    INDE ✓
                                  RELA
                                  PROV
JOYCE HASS, RECORDER              SCAN
WAPELLO COUNTY IOWA
```

32.00 pd
John Welter

―――――――――――――――――― SPACE ABOVE THIS LINE FOR RECORDER'S USE ――――――――――――――――――

THIS INSTRUMENT PREPARED BY:
Rene Humphrey, Attorney  14925 Kingsport Road Fort Worth, TX 76155-2243   B.M.B.
WHEN RECORDED MAIL TO:
U.S. SMALL BUSINESS ADMINISTRATION
14925 Kingsport Road
Fort Worth, TX 76155-2243
(817) 868-2300

JOHNSON DAVID / KIMBERLY
#         8476 LOAN NO. DLH      2260-00

## MORTGAGE
### (Direct)

This mortgage made and entered into this 25th day of August 2008, by and between <u>DAVID JOHNSON, who acquired title as DAVID R. JOHNSON AND KIMBERLY JOHNSON, who acquired title as KIMBERLY D. JOHNSON, husband and wife, 7133 120th Avenue Lot 12, Ottumwa, IA 52501</u> (hereinafter referred to as mortgagor) and the Administrator of the Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at 10737 Gateway West #300, El Paso, TX, 79935.

**WITNESSETH**, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the County of <u>Wapello</u>, State of <u>IA</u>, to-wit:

The East Half of Lots Seventy-two (72) and Seventy-three (73) of the Wildwood Countryside Addition to the City of Ottumwa, Wapello County, Iowa.

More commonly known as: 1983 W Finley, Ottumwa, IA 52501

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and

Page 1

EXHIBIT C
Page 1 of 6

Application No. / Loan No.: ( 8476 / DLH 2260-00
JOHNSON DAVID / KIMBERLY

profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

FOR THE PURPOSE OF SECURING: (1) Payment of the principal and interest as set forth above; (2) Payment of any and all obligations and liability, which are now due or may hereafter become due from Mortgagor; (3) Performance of each agreement of Mortgagor hereincontained; (4) Payment of all sums to be paid to Mortgagee pursuant to the terms hereof.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated August 25, 2008 in the principal sum of $163,600.00 and maturing on July 28, 2038, signed by or on behalf of DAVID JOHNSON, KIMBERLY JOHNSON.

1. The mortgagor covenants and agrees as follows:

    *a.* He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

    *b.* He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefore to the said mortgagee.

    *c.* He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or for foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said premises. Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor.

    *d.* For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

    *e.* The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.

    *f.* He will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss

Application No. / Loan No.:  8476 / DLH    2260-00
JOHNSON DAVID / KIMBERLY

payable clauses in favor of and in form acceptable to the mortgagee. In event of loss, mortgagor will give immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged or destroyed. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

*g.* He will keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the buildings on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payment shall be immediately due and payable and shall be secured by the lien of this mortgage.

*h.* He will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee; and further, he will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises.

*i.* He will not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

*j.* All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

*k.* The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

2. Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use, and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of all of the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits. This instrument shall operate as an assignment of any rentals on said property to that extent.

3. The mortgagor covenants and agrees that if he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless of maturity, and the mortgagee or his assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

(I) at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a); or

Application No. / Loan No.: 8476 / DLH ˉˉˉˉ2260-00
JOHNSON DAVID / KIMBERLY

(II) at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal [, county, or city/or Commonwealth] courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

(III) take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinabove provided, the mortgagor or any person in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4. The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees; secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5. In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the *deficiency without regard to appraisement.*

6. In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property, the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

7. The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

8. No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

Page 4

EXHIBIT C
Page 4 of 6

Application No. / Loan No.: _____ 8476 / DLH    2260-00
JOHNSON DAVID / KIMBERLY

9. In compliance with section 101.106 of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.106], this instrument is to be construed and enforced in accordance with applicable Federal law. This Mortgage is to be construed and enforced in accordance with Federal law. Mortgagor hereby waives any rights or immunity purportedly conferred by Commonwealth law limiting Mortgagee's right to a deficiency judgement after either a judicial foreclosure or a foreclosure under the power of sale referred to above.

10. A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

11. Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at 7133 120TH AVENUE LOT 12, OTTUMWA, IA 52501 and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at 10737 Gateway West #300, El Paso, TX 79935.

If any one or more of the provisions contained in this Mortgage shall for any reason be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Mortgage.

Application No. / Loan No.: 8476 / DLH 3 2260-00
JOHNSON DAVID / KIMBERLY

IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

I UNDERSTAND THAT HOMESTEAD PROPERTY IS IN MANY CASES PROTECTED FROM THE CLAIMS OF CREDITORS AND EXEMPT FROM JUDICIAL SALE: AND THAT FROM THE CLAIMS OF CREDITORS AND BY SIGNING THIS CONTRACT, I VOLUNTARILY GIVE UP MY RIGHT TO THIS PROTECTION FOR THIS PROPERTY WITH RESPECT TO CLAIMS BASED UPON THIS CONTRACT.

_Kimberly Johnson_
KIMBERLY JOHNSON

_David John_
DAVID JOHNSON

STATE OF IOWA
COUNTY OF Wapello

On this 11 day of September, A.D. 20 09,
before me, John R Webber III
a Notary Public in and for said County, in the State aforesaid, do hereby certify that
KIMBERLY JOHNSON, DAVID JOHNSON,
personally known to me to be the same person(s) whose name(s) is/are subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that he/she/they signed, sealed and delivered the said instrument as his/her/their free and voluntary act, for the uses and purposes therein set forth.

_signature_
Notary Public in the State of Iowa
My Commission Expires: _____

_Kimberly Johnson_
KIMBERLY JOHNSON

_David John_
DAVID JOHNSON

**ORIGINAL**

JOHN R. WEBBER III
Commission Number 126360
My Commission Expires
10/10/2009

MAIL ANY NOTICE OF DEFAULT TO:
U.S. SMALL BUSINESS ADMINISTRATION
10737 Gateway West #300
El Paso, TX 79935

Page 6

EXHIBIT C
Page 6 of 6

ENTERED UPON TRANSFER BOOKS AND FOR TAXATION
THIS 15 DAY OF September, 2008
PHYLLIS DEAN  WAPELLO CO. AUDITOR
BY Danielle Weller  CLERK/DEPUTY

✓ 462-463-Z-169

10.00 pd
John Webber

Document 2008 4435
Book 2008 Page 4435 Type 03 012 Pages 1
Date 9/12/2008 Time 2:12:33PM
Rec Amt $7.00  Aud Amt $5.00
Rev Transfer Tax $315.20
Rev Stamp# 35

INDE ✓
RELA
PROV
SCAN

JOYCE HASS, RECORDER
WAPELLO COUNTY IOWA

REAL ESTATE TRANSFER TAX PAID
$ 315.20   STAMP # 35
Joyce Hass
RECORDER
9/12/08   90
DATE   COUNTY

©THE IOWA STATE BAR ASSOCIATION
Official Form No. 103 - May 2006

John R. Webber

FOR THE LEGAL EFFECT OF THE USE OF THIS FORM, CONSULT YOUR LAWYER

Return To: John R. Webber III, 129 W. Fourth St., Ottumwa, IA 52501, (641) 682-8326
Preparer: John R. Webber III, 129 W. Fourth St., Ottumwa, IA 52501, (641) 682-8326
Taxpayer: David R. & Kimberly D. Johnson, 1983 W. Finley, Ottumwa, IA 52501

## WARRANTY DEED - JOINT TENANCY

For the consideration of One _____ Dollar(s) and other valuable consideration, Michael J. Furlong and Marilyn S. Furlong, husband and wife _____ do hereby Convey to David R. Johnson and Kimberly D. Johnson, husband and wife _____ as Joint Tenants with Full Rights of Survivorship, and not as Tenants in Common, the following described real estate in Wapello County, Iowa:

The East Half of Lots Seventy-two (72) and Seventy-three (73) of the Wildwood Countryside Addition to the City of Ottumwa, Wapello County, Iowa.

Grantors do Hereby Covenant with grantees, and successors in interest, that grantors hold the real estate by title in fee simple; that they have good and lawful authority to sell and convey the real estate; that the real estate is free and clear of all liens and encumbrances except as may be above stated; and grantors Covenant to Warrant and Defend the real estate against the lawful claims of all persons except as may be above stated. Each of the undersigned hereby relinquishes all rights of dower, homestead and distributive share in and to the real estate. Words and phrases herein, including acknowledgment hereof, shall be construed as in the singular or plural number, and as masculine or feminine gender, according to the context.

Dated: 9-10-08

_Michael J. Furlong_ (Grantor)      _Marilyn S. Furlong_ (Grantor)

STATE OF IOWA, COUNTY OF WAPELLO
This instrument was acknowledged before me on 9-10-08, by Michael J. Furlong and Marilyn S. Furlong, husband and wife

_Christina Schark_, Notary Public

CHRISTINA J. SCHARK
Commission Number 729761
My Commission Expires
July 30, 2010

(This form of acknowledgment for individual grantor(s) only)

EXHIBIT D
Page 1 of 1